# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**INGRID RIVERA,**

    **Plaintiff**

    v.

**HF MANAGEMENT SERVICES, LLC D/B/A HEALTH FIRST MANAGEMENT, a Foreign Limited Liability Company**

    **Defendant.**

_____/

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff INGRID RIVERA (hereinafter referred as "Plaintiff"), by and through the undersigned attorney, hereby files this Complaint against HF MANAGEMENT SERVICES, LLC d/b/a HEALTH FIRST MANAGEMENT (hereinafter referred as "HF MANAGEMENT" or "Defendant"), and in support of states as follows:

### NATURE OF CASE

This is a disability discrimination and retaliation case brought by Plaintiff, pursuant to the Americans with Disabilities Act, 42 U.S.C. §12101, et seq., as amended by the ADA Amendments Act of 2008 ("ADA") and the Family and Medical Leave Act of 1993 ("FMLA") and seeks damages, including

back pay, liquidated damages, compensatory and punitive damages, front pay, declaratory and injunctive relief, as well as her attorneys' fees and costs.

## JURISDICTION & VENUE

1. This is an action at law that raises a federal question under federal law.

2. The Court has jurisdiction over this complaint pursuant to 28 U.S.C. §1331 and has subject matter jurisdiction over Plaintiff's state law claims.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to the claims occurred within this District.

## PARTIES

4. Plaintiff was an employee of Defendant from approximately August 2019 until April 2021.

5. Plaintiff was employed by Defendant in Lake Mary, Florida.

6. Defendant is a Foreign Limited Liability Company which provides healthcare across Florida.

7. Plaintiff has satisfied all administrative prerequisites to perfect her claim. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), incorporated herein, attached hereto and marked as **Exhibit A**, and the EEOC issued a notice of right to sue attached

hereto and marked as **Exhibit B**. Plaintiff brings this suit within ninety (90) days of receipt of her notice of right to sue.

## ADAAA STATUTORY PREREQUISITES

8. At all times material, Plaintiff was an "employee" of Defendant as defined by 42 U.S.C. § 1211(4) and a "qualified individual" as defined by 42 U.S.C. § 1211(8).

9. Plaintiff is protected by the ADA because she suffers from Chronic Pancreatitis, therefore, either:

    a) Was suffering "a physical or mental impairment that substantially limits one or more her major life activities," as envisioned by 42 U.S.C. § 12102 (1)(A);

    b) Had "a record of such an impairment" because of her required medical leave, as envisioned by 42 U.S.C. § 12101(1)(B); or

    c) Was "regarded as having such an impairment," as envisioned by 42 U.S.C. § 12101(1)(C).

10. Plaintiff was discriminated against based on her disability.

11. Plaintiff is a member of a class of individuals protected by the ADAAA.

12. The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

13. Plaintiffs meet the statutory criteria for coverage as an "employee" under the ADAAA.

14. At all times material to the allegations herein, Plaintiff was qualified for her Operation-Customer Care Team Member position with Defendant.

15. At all times material, Defendant was an "employer" as defined by 42 U.S.C. § 12111(5)(a) as well as a "covered entity" as defined by 42 U.S.C. § 12111(2).

16. In 2021, Defendant had 15 or more employees for each working day in each of the 20 or more calendar weeks.

17. At all times relevant, Defendant was engaged in an industry affecting commerce.

18. At all times relevant, Defendant was engaged in an activity affecting commerce.

19. At all times relevant, Defendant was engaged in commerce within the meaning of 26 U.S.C. § 2611(1)

20. At all times relevant, Defendant was an "employer" as defined by 42 U.S.C. § 1211(5).

21. At all times relevant, Defendant was an "employer" as defined by 29 U.S.C. § 2611(4).

22. At all times relevant, Plaintiff was an "eligible employee" as defined by 29 U.S.C. § 2611(2)(A).

23. As of the date of her termination, Plaintiff had been employed by Defendants for at least twelve (12) months.

24. As of the date of her termination, Plaintiff had been employed by Defendant for at least 1,250 hours of service during the previous twelve (12) month period.

25. As of the date of her termination, Defendant has a combined total of fifty (50) or more employees.

26. At all times relevant, Plaintiff was an "employee" as defined by 42 U.S.C § 1211(4).

27. At all times relevant, Plaintiff was a "qualified individual" as defined by 42 U.S.C §.

## FACTUAL ALLEGATIONS

28. Plaintiff was hired on or about August 26, 2019, as an Operations-Customer Care Team Member.

29. Plaintiff remained in that position until the end of her employment on or about April 14, 2021.

30. Plaintiff suffers from Chronic Pancreatitis, a disabling condition under the ADA.

31. In fact, Plaintiff had ADA accommodations on record, and therefore,

5

Defendant was aware of her serious health condition.

32. On or about February 28, 2021, Plaintiff had to be hospitalized because of her Chronic Pancreatitis.

33. Plaintiff applied for and was approved for FMLA leave starting February 28, 2021, until March 2021, but later extended until April 2021 because her condition had not improved.

34. Plaintiff was hospitalized twice, a week each time.

35. Through the third-party administrator, Cigna Leave Solutions, Plaintiff was approved for FMLA leave until April 19, 2021.

36. During her leave, Plaintiff called the attendance hotline daily, as required, to provide a status of her condition and leave and document her absence.

37. However, Defendant terminated Plaintiff on April 14, 2021, alleging that her leave was not extended and they had not heard from her after repeated attempts.

38. Plaintiff was never contacted by Defendant.

39. Defendant's reason for Plaintiff's termination is false and a pretext for discrimination and retaliation under the FMLA and the ADA.

40. At the time of her termination, Plaintiff was qualified for her position.

41. Additionally, at the time of her termination, Plaintiff was able to

perform the essential functions of her job, with or without accommodation.

42. At no time during her employment did Defendant counsel or otherwise discipline Plaintiff for failure to meet her job duties.

43. Plaintiff was treated differently than similarly situated non-disabled employees.

44. At the time of her termination, Plaintiff worked for a covered employer as defined by the FMLA.

45. At the time of her termination, Plaintiff was eligible for FMLA leave.

46. At the time of her termination, Plaintiff provided notice to Defendant of her need for FMLA leave.

47. Plaintiff's notice for her need for FMLA leave was timely.

48. Plaintiff's notice for her need for FMLA leave complied with Defendant's company policies regarding request for time off.

49. Plaintiff was entitled to FMLA covered leave pursuant to 29 U.S.C. § 2612 (a)(1).

50. Defendant's actions violate the provisions of 29 U.S.C §2615(a).

51. Defendant's actions violate the provisions of 29 U.S.C §2614(a).

52. Defendant's actions constitute interference with Plaintiff's rights under FMLA.

53. Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

54. Defendant's actions constitute discrimination in violation of Plaintiff's rights under FMLA.

55. Defendant's actions constitute discrimination in violation of the ADA.

56. Defendant's actions constitute retaliation in violation of the ADA.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

57. Plaintiff restates and incorporates herein the foregoing paragraphs 1-7, 8-20, 26-27, 28-34, 36-43 and 55-56 as though fully stated herein.

58. Plaintiff suffers from chronic pancreatitis, a disabling medical condition pursuant to the ADAAA.

59. Plaintiff was discriminated against by the Defendant due to her disability in violation of Federal law.

60. Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

61. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

62. Plaintiff is protected by the ADAAA:

    a) Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or

"perceived disability" by Defendant; and

b) Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

63. Defendant was at all material times, an "employer" as envisioned and defined by the ADAAA.

64. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

65. Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

66. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

67. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

68. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

69. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward theimpairment.

9

70. Defendant does not have a non-discriminatory rationale for denying Plaintiff's accommodation request.

71. Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is members of protected classes as envisioned by the ADA.

72. Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

73. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

74. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

75. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

76. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

77. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) Back pay and benefits;

b) Interest on back pay and benefits;

c) Front pay and benefits;

d) Compensatory damages for emotional pain and suffering;

e) Injunctive relief;

f) Prejudgment interest;

g) Costs and attorney's fees; and

h) Such other relief as the Court may deem just and proper.

## COUNT II
## RETALIATION UNDER THE ADAAA

78. Plaintiff restates and incorporates herein the foregoing paragraphs 1-7, 8-20, 26-27, 28-34, 36-43 and 55-56 as though fully stated herein.

79. Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

80. Plaintiff was retaliated against by the Defendant due to her disability in violation of Federal law.

81. Defendant failed to engage in the interactive process to determine

11

whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

82. Defendant denied Plaintiff reasonable accommodation as required by Federal law.

83. Defendant terminated Plaintiff because of her disability.

84. Defendant terminated Plaintiff in violation of the ADAAA.

85. Plaintiff is protected by the ADAAA:

   a) Plaintiff was disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

   b) Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

86. Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

87. Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

88. Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

89. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

90. Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

91. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

92. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

93. Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

94. Plaintiff was a disabled individual or otherwise perceived as disabled by Defendant, during their employment. Therefore, he is members of protected classes as envisioned by the ADA.

95. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

96. The retaliation to which Plaintiff was subjected was based on her disability and/or "perceived disability."

97. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other

13

non-pecuniary losses.

98. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

99. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) Back pay and benefits;

b) Interest on back pay and benefits;

c) Front pay and benefits;

d) Compensatory damages for emotional pain and suffering;

e) Injunctive relief;

f) Prejudgment interest;

g) Costs and attorney's fees; and

h) Such other relief as the Court may deem just and proper.

## COUNT III
## INTERFERENCE UNDER THE FMLA

100. Plaintiff restates and incorporates herein the foregoing paragraphs 1-7, 21-25, 28-29, and 30-54 as though fully stated herein.

101. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

102. Defendant was Plaintiff's employer as defined by the FMLA.

103. Defendant acts and omissions constitute interference with Plaintiff's rights under the FMLA.

104. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

105. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

106. Defendant's violations of the FMLA were willful.

107. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) judgment in her favor and against ALBANY for their interference with her rights under the FMLA;

b) judgment in her favor and against ALBANY for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of ALBANY'S conduct;

c) judgment in her favor and against ALBANY for her reasonable attorneys' fees and litigation expenses;

d) judgment in her favor and against ALBANY for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e) declaratory judgment that ALBANY'S practices toward Plaintiff violate her rights under the FMLA; and

f) an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## RETALIATION UNDER THE FMLA

108. Plaintiff restates and incorporates herein the foregoing paragraphs 1-7, 21-25, 28-29, and 30-54 as though fully stated herein.

109. Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

110. Defendant was Plaintiff's employer as defined by the FMLA.

111. Defendant discriminated and/or retaliated against Plaintiff because Defendant knew she was eligible for leave under the FMLA.

112. Defendant discriminated and/or retaliated against Plaintiff because Plaintiff attempted to exercise her rights under the FMLA

113. Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

114. Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

115. Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

116. Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

117. As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which she is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

118. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused and continue to cause irreparable harm.

119. Defendant's violations of the FMLA were willful.

120. Plaintiff is entitled to recover her attorneys' fees and costs pursuant to 42 U.S.C. § 2617(a)(3).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a) judgment in her favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b) judgment in her favor and against Defendant for damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c) judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

d) judgment in her favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e) declaratory judgment that Defendant's practices toward Plaintiff violate her rights under the FMLA; and

f) an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated this 28th day of March, 2022.

Respectfully submitted,

***s/ Bruce A. Mount***
Anthony Hall, Esq.
FL Bar No.: 40924

Bruce A. Mount, Esq.
FL Bar No.: 88754
THE LEACH FIRM, P.A.
631 S. Orlando Avenue, Suite 300
Winter Park, Florida 32789
Telephone: (407) 574-4999
Facsimile: (833) 523-5864
Email: ahall@theleachfirm.com
Email: bmount@theleachfirm.com
Email: yhernandez@theleachfirm.com

***Attorneys for Plaintiff***